# UNITED STATES DISTRICT COURT

**for the**
**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **LAFEYETTE STONE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **No. CV 1:12-cv-00417-RB-ACT** |
| **ALBUQUERQUE POLICE** ) | |
| **DEPARTMENT, METROPOLITAN** ) | |
| **DETENTION CENTER, DISTRICT** ) | |
| **ATTORNEY'S OFFICE, and** ) | |
| **DEPARTMENT OF CORRECTION,** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANT METROPOLITAN DETENTION CENTER'S ANSWER TO COMPLAINT

### A.    JURISDICTION

With regard to the jurisdiction and venue of the first paragraph of Plaintiff's Complaint, Defendant Metropolitan Detention Center affirmatively states that the proper jurisdiction and venue for this matter is in the United States Federal District Court for the State of New Mexico due to the Federal Law questions contained within Mr. Stone's Complaint.

1.    With regard to the allegations contained in Paragraph 1 to Plaintiff's Complaint, Defendant Metropolitan Detention Center is without sufficient information to either affirm or deny whether Mr. Stone is a resident of Albuquerque, Bernalillo County, State of New Mexico.

2.    With regard to the allegations contained in Paragraph 2 to Plaintiff's Complaint, Defendant Metropolitan Detention Center affirmatively states that it is, and was at all times

relevant hereto, a subdivision of the County of Bernalillo, New Mexico. Defendant Metropolitan Detention Center affirmatively states that no state actors have been identified in this paragraph. This Defendant can neither affirm nor deny any allegations that relate to other Defendants.

3.      With regard to the allegations contained in Paragraph 3 to Plaintiff's Complaint, these allegations are not directed toward Defendant Metropolitan Detention Center and, therefore, no response is necessary. To the extent such allegations may apply or may be directed toward this Defendant, Defendant Metropolitan Detention Center denies the same.

4.      With regard to the allegations contained in Paragraph 4 to Plaintiff's Complaint, Defendant Metropolitan Detention Center admits the same.

## B.      NATURE OF CASE

5.      With regard to the allegations contained in Paragraph B.1. to Plaintiff's Complaint, Defendant Metropolitan Detention Center is without sufficient information to either affirm or deny and, therefore, denies the same. Defendant Metropolitan Detention Center affirmatively states that it has no discretion in who it holds or releases in circumstances such as the one described in Plaintiff's Complaint.

## C.      CAUSE OF ACTION

6.      With regard to the allegations contained in Paragraph C.1 to Plaintiff's Complaint, "Count I", Defendant Metropolitan Detention Center is without sufficient information to either affirm or deny and, therefore, denies the same. Defendant Metropolitan Detention Center affirmatively states that it has no discretion in who it holds or releases in circumstances such as the one described in Plaintiff's Complaint.

## D.      PREVIOUS LAWSUITS AND OTHER RELIEF

7.     With regard to the allegations contained in Paragraph C.1.D, to Plaintiff's Amended Complaint, "Previous Lawsuits and Administrative Relief", Defendant Metropolitan Detention Center is without sufficient information to either affirm or deny and, therefore, denies the same.  Defendant Metropolitan Detention Center affirmatively states that it has no discretion in who it holds or releases in circumstances such as the one described in Plaintiff's Complaint.

8.     With regard to the allegations contained in Paragraph C.2 to Plaintiff's Complaint, Defendant Metropolitan Detention Center is without sufficient information to either affirm or deny and, therefore, denies the same.  Defendant Metropolitan Detention Center affirmatively states that it has no discretion in who it holds or releases in circumstances such as the one described in Plaintiff's Complaint.

## E.     REQUEST FOR RELIEF

9.     With regard to the allegations contained in Paragraph E.1 to Plaintiff's Complaint, Defendant Metropolitan Detention Center denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the doctrines of qualified immunity and/or absolute immunity.

### SECOND AFFIRMATIVE DEFENSE

All actions of Defendant Metropolitan Detention Center or its agents were privileged.

### THIRD AFFIRMATIVE DEFENSE

All pertinent actions of Defendant Metropolitan Detention Center or its agents were in good faith, justified and reasonable, and were not taken with any deliberate indifference to Plaintiff's rights.

### FOURTH AFFIRMATIVE DEFENSE

3

The acts or omissions of persons other than Defendant Metropolitan Detention Center or its agents constitute the sole proximate cause of the damages alleged by the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to mitigate his damages, any recovery from Defendant Metropolitan Detention Center is barred in whole or in part.

### SIXTH AFFIRMATIVE DEFENSE

The alleged injuries and damages to the Plaintiff, if any, resulted from an independent intervening cause.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant Metropolitan Detention Center and its agents had legitimate reasons for any and all actions taken.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages, should any be implicated in this matter are barred, in whole or in part, by law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by statutes of limitations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for compensatory damages are barred, in whole or in part, by law.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the Eleventh Amendment to the

U.S. Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant Metropolitan Detention Center's alleged actions or purported omissions do not rise to the level of any statutory or constitutional deprivation of Plaintiffs' rights.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any purported actions made by Defendant Metropolitan Detention Center or its agents, if any, were rationally related to legitimate governmental interests, or substantively related to an important government purpose.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff received all process to which he was due.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to demonstrate Defendant Metropolitan Detention Center or its agents engaged in a pattern of alleged unconstitutional acts and/or by Plaintiff's failure to demonstrate Defendant Metropolitan Detention Center or its agents acted, authorized or approved alleged unconstitutional acts by the adoption and/or implementation of an official plan or policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges Defendant Metropolitan Detention Center was negligent or otherwise at fault under any theory, which is denied, then Plaintiff and/or other third persons were also negligent or otherwise at fault, thereby barring or reducing Plaintiff's recovery from Defendant Metropolitan Detention Center under the principles of comparative fault.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's tort claims matters, should any be implicated in this matter, are barred from recovery as no waiver of immunity exists for such claims and a failure to provide notice as required by law.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The actions alleged by Plaintiff do not violate any recognized constitutional right.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant Metropolitan Detention Center reserves the right to rely upon such other defenses as may become known or available during discovery proceedings in this case and hereby reserve the right to amend its Answer to such defenses.

WHEREFORE, Defendant Metropolitan Detention Center respectfully request the Court dismiss Plaintiff's Complaint and award Defendant Metropolitan Detention Center its attorneys' fees and costs for having to defend this action and for such other relief as the Court may deem just in the premises.

Briones Business Law Consulting, P.C.

By: _/s/ Thomas R. Briones_____
THOMAS R. BRIONES
8500 Menaul Boulevard NE
Suite A-200
Albuquerque, New Mexico 87112
(505) 246-0120

Attorney for Defendant Metropolitan
Detention Center

I hereby certify that a copy of the foregoing pleading was mailed and/or served by the Court's
CM/ECF system to the following parties of record on this 17th day of May, 2012.

Lafayette Stone
Pro Se Plaintiff
631 Chama St. SE
Apt. A
Albuquerque, New Mexico 87102

By:   */s/ Thomas R. Briones*