IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LAFAYETTE STONE**,

    Plaintiff,

v.                                                       No. 12cv0417 RB/ACT

**ALBUQUERQUE NEW MEXICO POLICE DEPT. (APD);**
**METROPOLITAN DETENTION CENTER;**
**STATE OF NEW MEXICO DISTRICT ATTORNEY OFFICE**
**(DA OFFICE);**
**D.O.C. SANTA FE, NM,**

    Defendants.

**ORDER DENYING MOTION TO PROCEED IFP AND DISMISSING CASE**

**THIS MATTER** comes *sua sponte* before the Court on pro se Plaintiff Lafayette Stone's *Application to Proceed in District Court without Prepaying Fees or Costs* (hereinafter called "motion to proceed IFP"), filed April 20, 2012 [Doc. 2], and on the Court's[1] concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). While it appears that Stone may not have sufficient income to pay both for the necessities of life and filing fees, *see* Doc. 2 at 2 (indicating that Stone is unemployed and receives $244/month in public assistance but that he has no expenses), "in order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the

---

[1] While reviewing the public records to better understand Stone's sparse allegations, I discovered that Stone was convicted in 1998 in Clovis, New Mexico in an unrelated criminal case over which I presided as the state district judge. I have no personal recollection of that case or of Mr. Stone, thus I have chosen not to *sua sponte* recuse myself from screening this case.

existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

In screening the complaint, the Court resolves the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted). The Court will accept as true Stone's allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Stone. *See id.* at 1217. But the Court "will not supply additional facts, [nor] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

**I.    ALLEGATIONS IN THE COMPLAINT**

Stone is suing the Albuquerque Police Department ("APD"), the Metropolitan Detention Center ("MDC"), the State of New Mexico's District Attorney's Office, and the State's Department of Corrections ("DOC") located in Santa Fe, New Mexico under 42 U.S.C. § 1983. *See* Complaint at 1. He complains that, after his August 27, 2006 arrest and detainment for drug trafficking, the DA's Office waited for 15 months to indict him on those charges. *See id.* at 2. He states that, during the time between his arrest and his indictment, he was not released, in violation of a pre-trial release order dated September 19, 2006. Complaint at 2-3. He states that he was held for 2.5 years until he was finally acquitted in August 2009 after a trial. *See id.* at 3. Stone attaches a copy of the September

2

2006 order for release and a copy of a November 2006 order from the NM Parole board refusing to re-parole him because there was an active felony detainer lodged against him. *See* Doc. 1, Atts. 1, 2[2]. Stone requests $200,000 in damages and that the arrest be expunged from his record. *See* Complaint at 5.

## II.   ANALYSIS

Because Stone's Complaint does not set out sufficient facts to fully understand his alleged cause of action, the Court has also reviewed the documents he attached to his Complaint. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits . . . and documents incorporated into the complaint by reference . . . .") (citation omitted).  To state a cognizable claim under § 1983, the plaintiff must sue (1) individuals operating under color of state law who (2) deprived him of a federal right. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (noting that both elements must be satisfied for a plaintiff to proceed under § 1983). Stone has not alleged any facts to support a claim that the APD or any of its officers unlawfully held him after his arrest for drug trafficking. Therefore, his Complaint against the APD must be dismissed for failure to state a claim.

---

[2] The Court takes judicial notice from the public records that Stone was convicted on a guilty plea in 2005 for aggravated battery on a peace officer with a deadly weapon and conspiracy, and was sentenced to 4.5 years imprisonment with 6 months suspended. *See State v. Stone*, D-202-CR-200302517 (Bernalillo County Dist. Ct. Aug. 15, 2005). When he was sentenced on 8/15/05, he was given 890 days credit and released on parole. *See id.* When he was arrested less than a year later on the trafficking charges, he was required to serve the remaining amount left on his sentence for a parole violation, and, based on his second attachment, the parole board refused to release him because the felony detainer on the drug-trafficking charge had been lodged. Thus, it appears that he was still serving his sentence from his 2005 conviction during the period before his indictment in October 2007. Therefore, it appears that, even if Stone's claims were not deficient on other grounds, he may never have been unlawfully detained. The Court may not reach the merits of his claim, however, and makes this observation only to enlighten Stone regarding the most likely cause of his detention, based upon the allegations in the Complaint, the attachments, and the public record.

*See Kay*, 500 F.3d at 1217.  Further, Stone cannot state a § 1983 claim against APD because APD is not a suable entity under § 1983.  The Tenth Circuit Court of Appeals has clearly held in unpublished decisions that APD cannot be sued under § 1983 because it lacks a legal identity separate from the City of Albuquerque.  *See Henry v. Albuquerque Police Dep't*, 49 Fed. App'x 272, 274 n.1 (10th Cir. 2002) (unpublished) (citing *Ketchum v. Albuquerque Police Dep't*, 1992 WL 51481 *2 (10th Cir.) (unpublished)).

Both a State and its agencies have Eleventh Amendment immunity from suits brought in federal court requesting any type of relief under § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  Stone has failed to state a cognizable claim against the State of New Mexico's District Attorney's office or against its Department of Corrections because both of them are state agencies.

A district court may *sua sponte* dismiss a case based on the affirmative defense of the statute of limitations "when the defense is obvious from the face of the complaint and no further factual record is required to be developed."  *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995) (internal quotation marks omitted).  Insofar as Stone is attempting to allege that the MDC unlawfully held him after receiving a copy of an order of release – and Stone does not even allege that the MDC received a copy of the release order – the Court concludes that the statute of limitations bars his claim.

> The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose," *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir.2011), and that state's "coordinate tolling rules." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quotations omitted).

*Romero v. Lander*, No. 11-1093, ___ Fed. App'x ___ , 2012 WL 311680 at *4 (10th Cir. Feb. 2, 2012) (unpublished).  "[T]he statute of limitations for a § 1983 claim in New Mexico is three years. *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985) (holding that the statute of

4

limitations in § 1983 claims is governed by state law, and that New Mexico allows only three years for the filing of claims) (superseded by statute on other grounds)." *Schrader v. Richardson*, No. 11-2191, ___ Fed. App'x ___, 2012 WL 266933 at*2 (10th Cir. Jan. 31, 2012) (unpublished).

> While state law governs the length of the statute of limitations in a § 1983 action, "federal law controls . . . when federal causes of action accrue." *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir.2004); *see also Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed.2d 973 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."). Generally, federal "claims accrue, and the statute of limitations begins to run[,] when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Alexander*, 382 F.3d at 1215 (quotations omitted). "In particular, a civil rights action accrues when [the] facts that would support a cause of action are or should be apparent." *Id.*
>
> . . . .
>
> The injury that is the "basis of action" in a § 1983 claim is the violation of a constitutional right. *See Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir.1998) ("Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." (quotations and citations omitted)). Thus, to determine when [a plaintiff's] claims accrued, the relevant inquiry is when [the plaintiff] knew, or had reason to know, of the alleged constitutional violations that he asserted in his amended complaint. *See id.* (noting that determining when a § 1983 accrued "requires the court to identify the constitutional violation and locate it in time" (quotations omitted)).

*Romero v. Lander*, 2012 WL 311680 at *5.

Stone's claim for violation of his constitutional right to be free from constraint absent due process arises from the alleged failure of an unidentified facility – perhaps the MDC – to release him on September 16, 2006. Because Stone knew by September 19, 2006 that he was not released in compliance with the release order, his cause of action began to accrue on that date. Stone does not state any facts suggesting that the accrual date should be tolled. Therefore, the statute of limitations ran on September 16, 2009, and his § 1983 claim based on failure to release is forever barred.

It would be futile to permit Stone to amend his complaint to add more facts and to identify individuals who allegedly violated his constitutional rights in regard to the failure to release "because

5

amendment will not change the fact that the statute of limitations bars [his] § 1983 claim" against individual defendants. *Mercer-Smith v. N. M. Children, Youth & Families Dep't.*, No. 10–2053, 416 Fed. App'x 704, 713, 2011 WL 971132 at *8 (10th Cir. March 21, 2011) (unpublished). As in the *Mercer-Smith* case, "[n]o matter what allegations [he] add[s] to [an] amended complaint, the fact remains that [he] knew of the defendants' alleged unlawful actions" when he was not released in 2006, and "amendment cannot cure this statute-of-limitations defect." *Id.* The Court will, therefore, dismiss this claim with prejudice.

The Court notes that this is the second time that Stone has attempted to file a frivolous complaint while proceeding IFP. His previous case against MDC employees was dismissed because he failed to identify specific individuals that he contends violated his constitutional rights and because he failed to state enough facts to support his claims. *See Stone v. Albert*, 05cv1067 WJ/LFG Doc. 56 (D.N.M. July 31, 2008), *aff'd* No. 08-2222 (10th Cir. July 20, 2009). If Stone continues to try to file frivolous complaints against any defendant, this Court may impose filing restrictions and/or other sanctions.

**IT IS ORDERED** that Stone's motion to proceed IFP [Doc. 2] is DENIED; that his claims for violation of § 1983 against the state entities are **DISMISSED** without prejudice for lack of subject-matter jurisdiction; and that his claim against the MDC is **DISMISSED** with prejudice.

_____
**ROBERT C. BRACK**
United States District Judge